UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER J. HEIM,

    Plaintiff,

v.                                               CASE NUMBER: 8:22-cv-02360-MSS-CPT

RLI INSURANCE COMPANY,

    Defendant.
_____/

## SECOND AMENDED UNOPPOSED MOTION FOR ENTRY OF ORDER COMPELLING MEDICAL EXAMINATION

Defendant, RLI INSURANCE COMPANY, by and through the undersigned attorneys, requests that this Court enter an Order pursuant to Rule 35 of the Federal Rules of Civil Procedure compelling the Plaintiff, CHRISTOPHER HEIM, to submit to a medical examination, as follows. Plaintiff does not oppose the motion or the revised special conditions below.

The examination is to be performed by the examiner and at the time and date specified below:

| | |
|---|---|
| **PHYSICIAN:** | Scott G. Cutler, M.D., Neurosurgery (CV attached) |
| **ADDRESS:** | 4321 N. Macdill Avenue, Ste 303<br>Tampa, FL 33607 |
| **DATE:** | August 28, 2023 |

1

**TIME:**          1:30 p.m.

The scope of the examination is as follows: a non-invasive neurosurgical medical examination, interview, review of medical records and review of diagnostic imaging pertaining to Plaintiff's alleged injuries.

Plaintiff has placed his physical condition in controversy. Specifically, he has alleged permanent physical and mental injuries for which he demands compensation from the Defendant. [Doc. 29, Complaint, ¶ 13-14] Plaintiff obtained extensive medical and surgical treatment on his spine for which he is seeking damages in this case. (Doc. 35-1, Deposition of Christopher Heim, March 24, 2023, pp. 69-72.) The examiner, Scott G. Cutler, M.D., is of the same specialty as Plaintiff's treating surgeon, Frank Bono, D.O. (See Doc. 35-2, Curriculum Vitae of Dr. Cutler.) The location of the proposed examination is within the jurisdiction of this Court. The expense of the examination shall be borne by Defendant to be later taxed as costs in this matter.

Special Conditions:

1. This examination is not a deposition so the examiner shall be limited to that information reasonably necessary to conduct the neurosurgical evaluation, including a brief medical history as well as present

complaints. The examination is to be limited to the specific medical conditions in controversy. No invasive testing shall be performed.

2. Plaintiff will not be required to complete any forms upon arrival at the examiner's office. Questions pertaining to present medical complaints, mechanism of injury and prior/subsequent similar injuries involved in this action are permitted, limited to the areas of complaints. Questions pertaining to "fault" such as facts and circumstances as to how the injury complained of occurred, when the Plaintiff told his attorney, investigators, witnesses or treating physicians or other health care providers are not permitted.

3. It shall be defense counsel's responsibility to provide the examiner with all medical records, imaging studies, test results, and the like which the defense wants the examiner to review and rely upon as part of the examination. Plaintiff shall not be required to bring anything to the exam other than valid identification (e.g. Driver's License, Official State Identification Card or government-issued Passport).

4. All protected health information generated or obtained by the examiner shall be kept in accordance with HIPAA requirements and shall not be

disseminated by the examiner or defense counsel to any other person or entity not a party to this case without a specific order from this court.

5. There will be no videographer unless the Court determines there to be "good cause" for the presence of one. No other witness, including an attorney or representative of any party, will be present at the examination.

6. Dr. Cutler will produce a written report in conformance with the terms of Federal Rule of Civil Procedure 35(b).

## **MEMORANDUM OF LAW**

Federal Rule of Civil Procedure 35(a)(1) provides, in relevant part, that the "court where the action is pending may order a party whose...physical condition...is in controversy to submit to a physical...examination by a suitably licensed or certified examiner." The court may enter such order "only on motion for good cause and on notice to all parties and the person to be examined." Fed. R. Civ. P. 35(a)(2)(A). The order must also "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B).

The party moving for a mental or physical examination under Rule 35 has the burden of establishing that the opposing party's physical condition is "in

4

controversy" and demonstrating "good cause" for the Court to order the examination. See *Schlagenhauf v. Holder*, 379 U.S. 104, 118–19 (1964). These requirements are "necessarily related" and may be satisfied by the pleading itself when, for example, a plaintiff "in a negligence action...asserts mental or physical injury...." *Id*. at 119; *Nitkowski v. USAA Cas. Ins. Co*., No. 6:22-CV-1163-CEM-EJK, 2023 WL 2078260, at *1 (M.D. Fla. Feb. 17, 2023)

Dr. Cutler's office is located in Tampa, Florida, which is within the district of this Court. In the Middle District of Florida, the prevailing view is that mental or physical examinations "should take place in the district where the action is pending." *Aglogalou v. Dawson*, No. 8:20-CV-2024-CEH-AAS, 2021 WL 8742833, at *2 (M.D. Fla. July 29, 2021), citing to *Faynik v. Magical Cruise Co., Ltd*., No. 6:17-cv-1282-ORL-37TBS, 2018 WL 7360664, at *1 (M.D. Fla. Aug. 2, 2018). This policy ensures "the examining doctor is available as a witness at trial." *Id*.

Defendant has demonstrated that Plaintiff has placed his physical health in controversy and that there is good cause to conduct the examination in order to assess his claims and those of his experts. The proposed examination is within this district and Plaintiff cannot show that driving to the examination location would be either difficult or inconvenient.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned counsel certifies that she has conferred with Plaintiff's counsel by phone and Plaintiff's counsel does not oppose the motion and revised special conditions contained herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the <u>7th</u> day of June, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System which will send a Notice of Electronic Filing to the following: Alexander Lao, Esq., and Brent Lowman, Esq., Lowman Law Firm, 31 S. Main Street, Brooksville, FL  34601, pleadings@lowmanlawfirm.com

*Susan M. Wilson*
SUSAN M. WILSON, ESQUIRE
Florida Bar Number:  545740
Primary: swilson@ogdensullivan.com
Secondary: eservice@ogdensullivan.com
OGDEN SULLIVAN STOVER & SAAR, P.A.
5422 Bay Center Drive, Suite 100
Tampa, FL  33609-3420
(813) 223-5111
(813) 229-2336 Facsimile
Attorney for Defendant RLI Insurance Company