UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER J. HEIM,

    Plaintiff,

v.                                             Case No. 8:22-cv-2360-MSS-CPT

RLI INSURANCE COMPANY,

    Defendant.
_____/

**O R D E R**

Before the Court is Defendant RLI Insurance Company's (RLI) *[First] Amended Motion for Entry of Order Compelling Medical Examination* (Doc. 35)[1] and RLI's *Second Amended Unopposed Motion for Entry of Order Compelling Medical Examination* (Doc. 47). For the reasons discussed below, RLI's second amended motion is granted, and its first amended motion is denied as moot.

I.

This case arises out of a motor vehicle accident involving Plaintiff Christopher Heim and another driver, Richard Case, that occurred in Pasco County, Florida in October 2021. (Doc. 1-1). According to Heim, he was insured by RLI at the time of

---

[1] The Court denied RLI's original motion for a medical examination because it appeared that RLI had not complied with the conferral requirement set forth in Local Rule 3.01(g). *See* (Docs. 33, 34); M.D. Fla. R. 3.01(g).

the accident and suffered "bodily injury and damages," among other harm, due to Case's tortious and negligent conduct. *Id.* For relief, Heim seeks uninsured/underinsured motorist coverage benefits from RLI. *Id.*

By way of its first amended motion, RLI asked the Court to issue an Order pursuant to Federal Rule of Civil Procedure 35 requiring Heim to undergo a compulsory medical examination by a neurosurgeon, Dr. Scott Cutler. (Doc. 35). In support of this request, RLI stated that Heim obtained extensive medical and surgical treatment on his spine for which he is now seeking damages, and that Dr. Cutler practices in the same area of specialty as Heim's treating surgeon. *Id.*

Heim submitted a response in opposition to RLI's first amended motion (Doc. 44), and the Court scheduled the matter for a hearing (Doc. 46). The Court instructed the parties to confer in advance of the hearing, however, and to notify the Court if they were able to bridge their divide. *Id.* The parties subsequently filed a joint notice indicating that they had resolved their dispute (Doc. 48) and that their agreement was reflected in the instant motion (Doc. 47).

II.

Rule 35 provides that, upon a motion where good cause is shown, a court may order a party to submit to a physical examination by a suitably licensed or certified examiner when the party's medical condition is "in controversy." Fed. R. Civ. P. 35(a). Here, as noted above, Heim's physical condition is in controversy, and good cause therefore exists for RLI's requested examination of him by Dr. Cutler. According to the parties' joint notice (Doc. 48), Heim no longer objects to this relief

and, in fact, stipulates to the parameters for the examination proposed in RLI's second amended motion (Doc. 47).

Given the circumstances presented, the assessment of Heim shall proceed according to the below terms and conditions. These terms and conditions are the same as those agreed to by the parties, except for some minor non-substantive changes made by the Court.

1. Heim shall present himself for a medical examination as follows:

| | |
|---|---|
| Examiner: | Scott Cutler, M.D., Neurosurgery |
| Location of Examination: | 4321 N. MacDill Avenue<br>Suite 303<br>Tampa, FL 33607 |
| Date of Examination: | August 28, 2023 |
| Time of Examination: | 1:30 p.m. |
| Scope of Examination: | A non-invasive neurosurgical medical examination, interview, review of medical records, and review of diagnostic imaging pertaining to Heim's alleged injuries |

2. As this examination is not a deposition, Dr. Cutler shall be confined to the information that is reasonably necessary to conduct his neurosurgical evaluation, including a brief medical history and any present complaints. The examination shall be restricted to the specific medical conditions in controversy and no invasive testing shall be performed.

3. Heim shall not be required to complete any forms upon his arrival at Dr. Cutler's office. However, inquiry regarding Heim's present medical complaints, the mechanism of his injury, and any prior/subsequent similar injuries involved in this action shall be allowed, provided they are limited to the areas of Heim's complaints. By contrast, questions pertaining to "fault," such as the facts and circumstances as to how Heim's injury occurred, or when he discussed it with his attorney, investigators, witnesses, treating physicians, or other health care providers, shall not be permitted.

4. Defense counsel shall be responsible for providing Dr. Cutler with all medical records, imaging studies, test results, and the like which the defense wishes Dr. Cutler to review and to rely upon as part of his examination. Heim shall not be compelled to bring anything to the exam other than valid identification (e.g., a driver's license, official state identification card, or government-issued passport).

5. All protected health information generated or obtained by Dr. Cutler shall be kept in accordance with HIPAA requirements and shall not be disseminated by Dr. Cutler or defense counsel to any other person or entity that is not a party to this case without a specific order from the Court.

6. There shall be no videographer at the examination unless the Court determines there is "good cause" for the presence of one. Nor may any other witnesses, including an attorney or representative of any party, be present at the examination.

7. Dr. Cutler shall produce a written report after the examination that conforms to the provisions of Rule 35(b).

III.

In light of the foregoing, RLI's *Second Amended Unopposed Motion for Entry of Order Compelling Medical Examination* (Doc. 47) is granted and RLI's *[First] Amended Motion for Entry of Order Compelling Medical Examination* (Doc. 35) is denied as moot.

SO ORDERED in Tampa, Florida, this 21st day of June 2023.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record